JOHN H. WILLIAMS v. BISCUITVILLE, INC. AND PIZZAVILLE, INC.

No. 7715SC1007

(Filed 20 March 1979)

1. **Partnership § 1.2— "managing partner" of restaurant—profit sharing—insufficient evidence to show partnership**

    In an action to recover damages for breach of an alleged implied partnership agreement, evidence that plaintiff, in addition to receiving a weekly salary as manager of a restaurant, also received a share of the profits in the form of keeping whatever part of seventy percent of gross receipts that he was able to retain after paying for food purchases and employees' salaries was insufficient to make out a *prima facie* case of partnership under G.S. 59-37(4) where all the evidence showed that the profit sharing feature was only a part of his wages as an employee; furthermore, evidence that plaintiff was designated as "managing partner" was insufficient to support a finding that a partnership existed.

2. **Master and Servant § 10— discharge of restaurant manager—provision in operations manual not exclusive**

    Provision of an operations manual for managers of defendant's restaurants stating that a manager could be discharged after "one verbal and one written warning" was not the exclusive way for discharging employees, since the provision was a part of a policy which was unilaterally implemented by the defendant employer and could be changed by it.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 21 September 1977 in Superior Court, ORANGE County. Heard in the Court of Appeals 19 September 1978.

The plaintiff has sued defendants Pizzaville, Inc. and its successor corporation, Biscuitville, Inc., alleging alternative claims. The plaintiff alleges he was a partner with Pizzaville, Inc. in the operation of a restaurant in Chapel Hill, North Carolina and asks for an accounting of partnership assets and for $50,000.00 in damages. In the alternative he prays for damages of $50,000.00 for breach of contract resulting from his wrongful discharge as manager of Pizzaville's Chapel Hill restaurant.

The plaintiff offered evidence that he began working for Pizzaville, Inc. as assistant manager of the Chapel Hill restaurant in 1970. Approximately six months later he was promoted to manager. In 1972 or 1973 plaintiff was designated managing partner of the restaurant and was supplied with business cards describing him as managing partner. In early 1975, an operations

manual was presented to all managing partners of Pizzaville stores. Plaintiff signed a statement at that time by the terms of which he agreed to abide by this operations manual. Among the provisions of the operations manual was the following statement: "After one verbal and one written warning, the managing partner is subject to a fine, loss of salary, or dismissal." At the time of his termination, the defendant was receiving a salary of $270.00 per week. In addition, under a profit sharing formula, the plaintiff was given seventy percent of gross sales from which he paid the employees' wages and for food purchases. He was allowed to retain whatever was left from the seventy percent after making these payments. On 21 May 1976, the plaintiff was terminated from his position as manager of the restaurant in Chapel Hill. Harold Hassenfelt, who had been vice-president of Pizzaville, Inc. and was called as a witness for the plaintiff, testified as follows:

"Q. Did John Williams ever fail . . . did he ever violate that provision?

A. He didn't make his deposit on time.

I told him he had better not do it again with a verbal and written warning. I had other occasions to warn John Williams that he was not performing adequately as a store manager. It was more than one time. I threatened to fire John Williams."

At the close of the plaintiff's evidence, the court allowed the defendant's motion for a directed verdict. The plaintiff appealed.

*Manning, Jackson, Osborn and Frankstone, by Frank B. Jackson, for plaintiff appellant.*

*Vernon, Vernon and Wooten, by John H. Vernon III and Jeffrey A. Andrews, for defendant appellee.*

WEBB, Judge.

### Plaintiff's Partnership Claim

[1]   In this state, we have the Uniform Partnership Act. G.S. 59-36 provides:

(a) A partnership is an association of two or more persons to carry on as co-owners a business for profit.

G.S. 59-37 says in part:

In determining whether a partnership exists, these rules shall apply:

\*     \*     \*

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

\*     \*     \*

b. As wages of an employee or rent to a landlord, . . . .

It appears from a reading of the statutes that in order for the plaintiff to prevail there must be evidence from which the jury could conclude that plaintiff and defendants agreed "to carry on as co-owners a business for profit." A partnership agreement may be inferred without a written or oral contract if the conduct of the parties toward each other is such that an inference is justified. *Eggleston v. Eggleston*, 228 N.C. 668, 47 S.E. 2d 243 (1948). The plaintiff in this case may be said to have received a share of the profits in the form of keeping whatever part of the seventy percent of gross receipts that he was able to retain. This is "prima facie evidence that he is a partner in the business" unless he received this share of the profits as "wages of an employee." We conclude that all the evidence shows he did receive this compensation as "wages of an employee." Harold Hassenfelt, formerly a vice-president of Pizzaville, Inc. and plaintiff's supervisor, testified that the operations manual was presented to the managing partners, including plaintiff in early 1975, and told them that if they "accepted these responsibilities that they would be entitled to a secure job, fixed salary, a profit sharing plan and other fringe benefits of the company." Plaintiff testified, "As 'Managing Partner', I was compensated through a weekly salary and through profit sharing." We cannot find any evidence that the profit sharing feature of plaintiff's compensa-

tion was any more than a part of his salary. We hold the profit sharing of the plaintiff does not make a prima facie case of partnership. *See McGurk v. Moore*, 234 N.C. 248, 67 S.E. 2d 53 (1951). The fact that plaintiff was designated managing partner is not of enough legal significance to require the case to be submitted to the jury. When all the evidence shows plaintiff was an employee, his job title alone cannot change the substance of his position.

## Plaintiff's Breach of Contract Claim

[2]   The plaintiff contends that the operations manual became a part of his employment contract because he was induced to stay with the company by the adoption of this policy which required one verbal and one written warning before the plaintiff could be discharged. He says that since he did not receive the required warnings it was a breach of his employment contract for him to be discharged.

The testimony of Mr. Hassenfelt was that the plaintiff had received a verbal and written warning, but we do not put the decision of this case on that ground. As we read provision for discharge after "one verbal and one written warning," it is not the exclusive way for discharging employees. It was a part of a policy which was unilaterally implemented by the employer and could be changed by it. The employer could discharge plaintiff by ways other than as set forth in the policy manual.

Affirmed.

Judges VAUGHN and ARNOLD concur.