WILLIE H. GRIFFIN v. HOUSING AUTHORITY OF THE CITY OF DURHAM, NORTH CAROLINA

No. 8214SC759

(Filed 7 June 1983)

**1. Master and Servant § 10— employment at will—effect of personnel policies**

Where the personnel policies of defendant municipal housing authority were not expressly incorporated in plaintiff's contract of employment at will, defendant was not obligated to follow its personnel policies in dismissing plaintiff. In any event, defendant did in fact follow its personnel policies when it dismissed plaintiff.

**2. Master and Servant § 10— discharge from employment—due process**

Plaintiff's contract of employment with defendant municipal housing authority, which was terminable at will, did not give plaintiff a Fourteenth Amendment property right or a vested interest in continued employment. Furthermore, if plaintiff was dismissed from his employment with defendant for reasons that would damage his reputation, plaintiff was given sufficient notice and an opportunity at a hearing to refute charges against him so as to comply with due process requirements.

APPEAL by plaintiff from *Brannon, Judge*. Judgment entered 16 February 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 May 1983.

Plaintiff was hired as Director of Operations of the Housing Authority of Durham in March 1976. The uncontradicted facts are as follows. Plaintiff was offered the job by Executive Director James E. Kerr. In his offer, Kerr said the starting annual salary would be $18,144.00 and after successful completion of a three to six months' probationary period plaintiff would receive an automatic five percent salary increase. On 16 April 1979, plaintiff was told that due to reorganization of the Housing Authority his job would be eliminated. He received a letter from Kerr notifying him that his employment would end on 18 May 1979. At that time, his annual salary was $25,540.20. Plaintiff eventually found another job on 1 January 1980, with the City of Durham, at a salary of $16,655.00. He brought this action alleging defendant breached its contract, and caused him to suffer damages: $17,827.52 for the breach of contract, $16,541.25 for economic damages, $32,573.87 for back pay, and $100,000.00 for damage to his reputation.

Defendant's motion for summary judgment was granted.

*Haywood, Denny and Miller, by George W. Miller, Jr., for plaintiff appellant.*

*Daniel K. Edwards, for defendant appellee.*

VAUGHN, Chief Judge.

The sole question is, assuming plaintiff's evidence is true, whether defendant was entitled to summary judgment as a matter of law. The purpose of summary judgment is to bring litigation to an early decision on the merits without the delay and expense of trial when no material facts are at issue. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972). Since the evidence was uncontradicted, there is no issue of material fact. The only question is whether defendant was entitled to judgment as a matter of law.

[1] Plaintiff's argument is, in essence, that even though he was an employee at will, his termination was a breach of contract because it was not in compliance with defendant's personnel policies. Plaintiff's contract, which was incorporated in defendant's advertisement, plaintiff's job application, and the exchange of letters between plaintiff and Kerr, had no mention of a term of employment. In general, a contract of employment for an indefinite period of time is terminable by either party at will. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971); *Roberts v. Wake Forest University*, 55 N.C. App. 430, 286 S.E. 2d 120, *review denied*, 305 N.C. 586, 292 S.E. 2d 571 (1982); *Humphrey v. Hill*, 55 N.C. App. 359, 285 S.E. 2d 293 (1982). Defendant's personnel policies, which were amended after plaintiff was hired, were not expressly incorporated in plaintiff's contract, and without such inclusion defendant was not obligated to follow its personnel policies in dismissing plaintiff. *See George v. Wake County Opportunities, Inc.*, 26 N.C. App. 732, 217 S.E. 2d 128, *cert. denied*, 288 N.C. 393, 218 S.E. 2d 466 (1975), *cert. denied*, 425 U.S. 975, 48 L.Ed. 2d 800, 96 S.Ct. 2176 (1976). Moreover, defendant, although not obligated to do so, did in fact follow its personnel policies when it fired plaintiff. The record shows that Kerr told plaintiff on 16 April 1979 that due to a reorganization and reduction in personnel he would be terminated as of 18 May 1979. This was

confirmed by letter dated 23 April 1979. This complies with the policy on "separations":

3. Reduction in Force.

    a. If it is necessary to reduce personnel, the selection of employees to be retained shall be based primarily on their relative efficiency and the necessity of the job entailed. Other things being equal, length of service shall be given consideration.

    b. At least two weeks notice prior to termination shall be given an employee except for persons employed for a specific period.

[2]   Plaintiff also argues that defendant violated his civil rights giving him a cause of action under 42 U.S.C. Section 1983. Section 1983 provides a cause of action for any person who is deprived of "rights, privileges, or immunities secured by the Constitution and laws" under "color of any statute, ordinance, regulation, custom, or usage, of any State. . . ." Plaintiff has not alleged which of his constitutional rights were violated. Presumably, he is contending that he was not afforded procedural due process. The requirements of procedural due process apply only to deprivation of interests which are encompassed by the protection of liberty and property in the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 33 L.Ed. 2d 548, 92 S.Ct. 2701 (1972); *Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979). Plaintiff's employment contract, which was terminable at will, did not provide him with a Fourteenth Amendment property right or a vested interest in continued employment. *Presnell v. Pell, supra.*

As to his liberty interest, if defendant fired plaintiff for reasons that would damage his reputation, then notice and a hearing to give plaintiff an opportunity to refute the charges would be required by due process. *Board of Regents v. Roth, supra; Presnell v. Pell, supra.* Plaintiff alleges that his reputation was besmirched by statements made by the Chairman of the Board of Commissioners in a public speech before he was fired. He, however, was present at a hearing on 17 May 1979, and spoke at length refuting the charges. Thus, all due process requirements were met.

For the reasons stated above, we find there was no issue of material fact, and defendant was entitled to judgment as a matter of law. The trial court's entry of summary judgment for defendant is

Affirmed.

Judges HILL and BECTON concur.