LURA S. SMITH v. MONSANTO COMPANY AND MONSANTO NORTH CAROLINA, INC.

EDITH B. JOHNSON v. MONSANTO COMPANY AND MONSANTO NORTH CAROLINA, INC.

No. 8412SC338

(Filed 4 December 1984)

**Master and Servant § 10— employment at will—layoff with possibility of recall— failure to recall not breach of contract—no equitable estoppel**

    Where plaintiffs' employment was terminable at will, defendant employer allowed plaintiffs, pursuant to company policy, to choose between termination with severance pay or layoff with the possibility of recall for one year, and plaintiffs chose a layoff with the possibility of recall, plaintiffs had no contractual right to recall, and defendant employer did not breach its employment contract with plaintiffs when it allegedly hired independent contractors and temporary workers rather than recall plaintiffs. Furthermore, defendant employer was not equitably estopped from defending plaintiffs' action on the ground that the employment contracts were terminable at will since plaintiffs had no right to severance pay which they might have been deceived into surrendering and plaintiffs failed to show any deception on the part of defendant.

APPEAL by plaintiffs from *Bowen, Judge.* Judgments entered 24 October 1983, in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 29 November 1984.

Plaintiffs brought this action to recover for alleged breach of contract, gross negligence, fraud, and unfair or deceptive trade practices resulting from their termination as defendant's em-

ployees. Defendant hired plaintiffs in 1978 to work at its Fayetteville plant. The parties did not enter into written employment contracts, and the term of employment was indefinite.

In 1979 defendant distributed a booklet to plaintiffs and other employees explaining its employment policies. The booklet stated with regard to reduction in work force that, "Employees will be retained in the plant in order of their plant seniority, provided they are capable of performing the remaining open jobs available in the plant." It also provided for rehiring of voluntary layoffs according to seniority. The booklet made no mention of severance pay.

Defendant decided to reduce its work force at the Fayetteville plant due to its withdrawal from the filament polyester market. Part of the plant was sold to another company and the remainder was converted to produce an agricultural chemical instead of polyester. Plaintiffs were among the employees subject to reduction in force. On 12 March 1981 they attended an exit interview where defendant gave them the option of either taking two weeks severance pay and terminating their employment or accepting layoff status with the possibility of recall during the next year. Plaintiffs chose the latter option. Plaintiffs were never recalled and on 12 March 1982 defendant terminated their employment.

Plaintiffs maintained that their recall rights were violated when defendant hired independent contractors and temporary workers from employment agencies between 12 March 1981 and 12 March 1982 rather than recall them. The trial court granted summary judgment for defendant on all claims. Plaintiffs appealed.

*Carter & Melvin, by Stephen R. Melvin and Lester G. Carter, Jr., for plaintiff, appellants.*

*Smith, Moore, Smith, Schell & Hunter, by Martin N. Erwin and Michael A. Gilles, for defendant, appellee.*

HEDRICK, Judge.

Plaintiffs contend the trial court erred in granting summary judgment for the defendant because a genuine issue of material

fact exists as to whether defendant breached its contracts of employment with them. The employment contracts lacked a definite term and therefore were terminable at the will of either party. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). Plaintiffs' forecast of evidence indicates that defendant had a company policy, applicable to them, of providing employees subject to reduction in force with a choice between termination with severance pay or layoff with the possibility of recall for one year. Pursuant to company policy, defendant allowed plaintiffs to choose between termination and layoff. However, there is no evidence that plaintiffs contracted with defendant for the right to either termination with severance pay or layoff with the possibility of recall. This choice was a gratuitous benefit defendant conferred on plaintiffs after the parties had agreed on employment contracts which were terminable at will. This Court has previously held in similar circumstances that an employee has no contractual right on which to base a claim: "Defendant's personnel policies, which were amended after plaintiff was hired, were not expressly incorporated in plaintiff's contract, and without such inclusion defendant was not obligated to follow its personnel policies in dismissing plaintiff." *Griffin v. Housing Authority*, 62 N.C. App. 556, 557, 303 S.E. 2d 200, 201 (1983). Thus plaintiffs had no right to recall and we need not decide if they presented evidence that defendant failed to recall them when it could have done so.

Plaintiffs also contend summary judgment was improper because their forecast of evidence tended to show that defendant should have been equitably estopped from defending on the basis that the contracts were terminable at will. In effect, plaintiffs argue that they surrendered their right to severance pay in response to defendant's deceiving statement that they might be recalled. Yet, as previously discussed, plaintiffs had no "right" to severance pay which they might have been deceived into surrendering. The employment contracts remained terminable at will, so plaintiffs never were deprived of any right. Finally, they have failed to show any evidence of deception on the part of the defendant. Plaintiffs freely made the choice between severance pay and layoff. Defendant offered only the *possibility* of recall based on seniority, and there was no evidence that laid off workers less senior than plaintiffs were recalled. Thus, the doc-

trine of equitable estoppel has no application to this case. *See Hawkins v. Finance Corp.*, 238 N.C. 174, 177-78, 77 S.E. 2d 669, 672 (1953).

Affirmed.

Judges WEBB and HILL concur.