■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE T. STEVENS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Capilli, J.), rendered June 28, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's application for a suppression hearing regarding certain physical evidence allegedly seized from him was properly denied because his supporting papers were conclusory and failed to state any facts in support of the motion. Thus, summary denial was proper *(see, People v Washington,* 106 AD2d 593; CPL 710.60 [1], [3] [b]). Moreover, the People's papers in opposition revealed that, in fact, the evidence was found in a trash can and had not been seized from the defendant. Because the defendant failed to allege a possessory interest in the thing seized or the place searched, there was absolutely no basis upon which a hearing was warranted *(see, People v Gomez,* 67 NY2d 843).

In addition, the evidence adduced at trial clearly indicated that the defendant unlawfully entered a building with the intent to commit a crime therein and, therefore, the conviction of burglary in the third degree was proper *(see,* Penal Law § 140.00 [5]).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.