TONY C. HARRIS v. DUKE POWER COMPANY, A CORPORATION

No. 697A86

(Filed 2 June 1987)

Master and Servant § 10.2— wrongful discharge—violation of management policy manual—not applicable to employees

In an action in which plaintiff alleged that he had been wrongfully discharged without cause in violation of defendant's termination policy as stated in its management procedure manual, the trial court did not err by granting defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6), where plaintiff did not allege that the management manual upon which he relied contained any promise or representation that an employee would be subject to dismissal only for violations of specific Class A, Class B, or Class C offenses, and the manual was directed toward management personnel and could not be reasonably interpreted as a manual of rules of conduct to be followed by employees.

Chief Justice EXUM concurring.

Justice MARTIN joins in the concurring opinion.

BEFORE *Saunders, J.,* at the 27 January 1986 Session of Superior Court, MECKLENBURG County, the court granted defendant's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. A divided panel of the Court of

Appeals affirmed, 83 N.C. App. 195, 349 S.E. 2d 394 (1986). Plaintiff appeals to this Court pursuant to N.C.G.S. § 7A-30(2) and Rule 14(a) of the Rules of Appellate Procedure, based on a dissent in the Court of Appeals. Heard in the Supreme Court 16 April 1987.

*Russell & Sheely, by Michael A. Sheely, and Edelstein & Payne, by M. Travis Payne, for plaintiff-appellant.*

*Mullins & Van Hoy, by Philip M. Van Hoy, and Duke Power Company Legal Department, by Robert M. Bisanar, for defendant-appellee.*

*Ogletree, Deakins, Nash, Smoak and Stewart, by Stuart M. Vaughan, Jr., for North Carolina Associated Industries, amicus curiae.*

MEYER, Justice.

In his complaint, plaintiff alleged that he had been employed as a welder by Duke Power Company at the Catawba Nuclear Power Plant and that he was discharged without cause in November 1984. Plaintiff further alleged that defendant's termination policy, as contained in its management procedure manual on the subject of "Rules of Conduct," was incorporated and became an integral part of his contract of employment. A copy of the management procedure pamphlet was attached to the complaint.

Plaintiff alleged that he was discharged from his employment in violation of the employer's Rules of Conduct as contained in the management procedure manual. He did not allege that he was employed for a fixed term or that he had furnished any special consideration for the incorporation of these rules in his employment contract.

The sole question presented on this appeal is whether the trial court erred in dismissing plaintiff's complaint. We hold that under the facts and circumstances of this case, plaintiff has failed to allege a cause of action sufficient to withstand defendant's motion to dismiss, and we therefore affirm the opinion of the Court of Appeals.

The superior court granted defendant's motion to dismiss, and the Court of Appeals affirmed, based upon plaintiff's status as an employee-at-will. The majority of the panel below held that

Harris v. Duke Power Co.

even if the provisions of the management procedure were made part of plaintiff's contract of employment, plaintiff had no right to relief because the procedure did not contain any promise or representation that defendant would discharge plaintiff only for cause. Judge Phillips dissented, arguing that the plaintiff's complaint raised the issue of whether his employment was subject to conditions set forth in defendant's management procedure manual.

North Carolina courts have repeatedly held that absent some form of contractual agreement between an employer and employee establishing a *definite* period of employment, the employment is presumed to be an "at-will" employment, terminable at the will of either party, irrespective of the quality of performance by the other party, and the employee states no cause of action for breach of contract by alleging that he has been discharged without just cause. *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971).

The "employee-at-will" rule is subject to some well-defined exceptions. First, statutory authority often dictates that an otherwise terminable-at-will employee shall not be discharged in retaliation for certain protected activities, e.g., filing workers' compensation claims, N.C.G.S. § 97-6.1 (1985); engaging in labor union activities, N.C.G.S. § 95-83 (1985); instituting an Occupational Safety and Health Act proceeding, N.C.G.S. § 95-130(8) (1985). Second, if an employee furnishes "additional consideration" or gives something additional of value, such consideration may take the case out of the usual employment-at-will rule. *Tuttle v. Kernersville Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964) (setting forth exception, but declining to apply to the facts); *Sides v. Duke University Hospital*, 74 N.C. App. 331, 328 S.E. 2d 819, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985) (plaintiff's moving from Michigan to North Carolina to accept position with defendant was additional consideration which took contract out of traditional employment-at-will rule). *Cf. Malever v. Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436 (1943). *See also* L. Larson, *Unjust Dismissal* § 10.34 (1985 and Supp. 1987).

Plaintiff does not fall within any of the well-recognized exceptions to the general rule that an employment contract of indefinite duration is terminable at the will of either employer or employee. He contends, however, that this Court should join those jurisdictions in which an employer's personnel policy is in-

corporated by reference into an employment contract. *See* Annot., "Right to Discharge Allegedly 'At Will' Employee as Affected by Employer's Promulgation of Employment Policies as to Discharge," 33 A.L.R. 4th 120, §§ 3-4 (1984 and Supp. 1986); Note, *Continued Resistance to Inclusion of Personnel Policies in Contracts of Employment*, 62 N.C.L. Rev. 1326 (1984); Note, *Employee Handbooks and Employment At Will Contracts*, 1985 Duke L.J. 196 (1985); Parker, *The Uses of the Past: The Surprising History of Terminable-at-Will Employment in North Carolina*, 22 Wake Forest L. Rev. 167 (1987).

Several cases decided by the Court of Appeals, and federal courts applying North Carolina law, hold that an employer's personnel manual is not part of an employee's contract of employment. *Walker v. Westinghouse*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986) (handbook not part of employment contract, notwithstanding language that the handbook would "become more than a handbook . . . it will become an understanding"); *Smith v. Monsanto Corp.*, 71 N.C. App. 632, 322 S.E. 2d 611 (1984) (company policy not incorporated in employment contract); *Griffin v. Housing Authority*, 62 N.C. App. 556, 303 S.E. 2d 200 (1983) (defendant-employer's personnel manual not expressly incorporated into plaintiff's contract of employment); *Williams v. Biscuitville, Inc.*, 40 N.C. App. 405, 253 S.E. 2d 18, *cert. denied*, 297 N.C. 457, 256 S.E. 2d 810 (1979) (operations manual unilaterally adopted by employer and could be changed; employer could discharge plaintiff in manner not set forth in manual); *Rupinsky v. Miller Brewing Co.*, 627 F. Supp. 1181 (W.D. Pa. 1986) (applying North Carolina law). We have not been persuaded to depart from the rules developed and applied in our prior decisions.

It is noteworthy that in those jurisdictions in which statements in employment handbooks have been treated as binding on the employer, making the traditional rule of employment-at-will inoperative, the handbook, policy manual, or personnel manual contains an express representation that employees will be dismissed only for "just cause." *Toussaint v. Blue Cross and Blue Shield of Michigan*, 408 Mich. 579, 292 N.W. 2d 880, *reh'g denied*, 409 Mich. 1101 (1980). *Compare Weiner v. McGraw Hill*, 57 N.Y. 2d 458, 443 N.E. 2d 441, 457 N.Y.S. 2d 193 (1982) (handbook indicated that employer would resort to dismissal for "just and suf-

ficient cause only") *with Sabetay v. Sterling Drug, Inc.*, 69 N.Y. 2d 329, 506 N.E. 2d 919, 514 N.Y.S. 2d 509 (1987) (personnel manual merely suggests standards for dismissal; employee fails to demonstrate express limitation on employer's unfettered right to discharge). *See*, L. Larson, *Unjust Dismissal*, § 8.02 (1985 and Supp. 1987).

Plaintiff relies on *Trought v. Richardson*, 78 N.C. App. 758, 338 S.E. 2d 617, *disc. rev. denied*, 316 N.C. 557, 344 S.E. 2d 18 (1986). There, the plaintiff alleged, *inter alia*, that the hospital's policy manual provided that *employees could be discharged only for cause*; that when she was hired as a nurse, she was required to sign a statement that she had been read the policy manual; and that she had been discharged without cause. The Court of Appeals held that such allegations were sufficient to defeat defendant's motion to dismiss. While this Court has not addressed the issue presented in *Trought* and does not do so here, that case is readily distinguished from the case at bar by reason of the specific no-discharge-except-for-cause allegation in *Trought*. The management procedure in question here, and upon which plaintiff relies, contains no such express representation, and plaintiff does not so allege.

Plaintiff's complaint alleges that he performed a particular weld or "tack" at the request of a fitter. This procedure was investigated by management employees, and plaintiff was then discharged for Class B and Class C violations. Plaintiff alleges that his actions in making the weld were, at most, a Class B (concealing defective work) violation.

On a motion to dismiss pursuant to Rule 12(b)(6), we treat the factual allegations of the complaint as if they were established. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Thus, for the purposes of review, deeming as true plaintiff's allegations that he specifically relied upon the terms of the management procedure in question in entering into employment with Duke, we hold that the trial court properly dismissed the complaint, because plaintiff does not allege, nor does the procedure contain, any promise or representation that employee will be subject to dismissal *only* for violations of specific Class A, Class B, or Class C offenses.

Plaintiff's complaint also alleges, with respect to defendant's management procedure manual, that defendant represented to

him that "as long as he followed said rules he would not be terminated for violating said rules." From our detailed review of the management procedure relied upon by the plaintiff, we conclude that it could not be reasonably interpreted as a manual of rules of conduct to be followed by employees.

The six-page manual or pamphlet in question is labeled "Duke Power Company Management Procedure Number 8901-0016 CONS 010; Subject: Rules of Conduct." The entire content of the manual is directed towards management personnel and relates solely to carrying out disciplinary actions against employees. In the prefatory statement, which describes the Construction Department's rules relating to disciplinary action, the procedure states:

> The Construction Department's rules are limited to the basic minimums necessary for orderly and efficient operations. They are not intended to be all-inclusive. They serve as examples of the types of offenses that require disciplinary action.

The section labeled "Rules of Conduct" categorizes or classifies disciplinary action offenses as "Class A," "Class B," or "Class C." These classes of offenses are said to "provide a general framework for taking consistent corrective action." Class A offenses are the least serious and will result in discharge after the third offense, if warranted upon review; Class B offenses are more serious and will result in discharge after the second offense, if warranted upon review; Class C offenses are the most serious and will result in discharge after the first offense, if warranted upon review.

As already noted, the pamphlet referred to was labeled a *management procedure*; it contains no rules by which employees are to conduct themselves; it thus sets forth no manner by which plaintiff could have "followed said rules," without being a management employee charged with carrying out the disciplinary procedures specified therein. Indeed, rather than setting out rules of conduct by which employees are to conduct themselves in their work, it contains descriptions of acts which are prohibited; uses the terms "offenses," "violations," etc.; provides for "warnings"; and instructs the reader as to how to word the warnings and notices of disciplinary action and where to file and how to

distribute them. Therefore, even taking plaintiff's allegation as true—that defendant represented that he would not be terminated if he followed the "Rules of Conduct"—he fails to state a cause of action, because the "Rules of Conduct," under the most liberal reading, set forth no rules for plaintiff to follow.

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

Affirmed.

Chief Justice EXUM concurring.

I do not understand the Court to hold that personnel policy manuals distributed, or personnel policies explained, to employees by employers can never be part of the contract of employment binding on the employer. Rather I read the Court's opinion to say that the "Management Procedure" brochure relied on by plaintiff and attached to the complaint cannot in law be a part of plaintiff's employment contract because the brochure makes no promises, express or implied, to defendant's employees. Rather the brochure because of its unambiguous, plain terms is as a matter of law a guide for defendant's managers, creates no benefits for defendant's employees, and imposes no limitations on defendant's power to discharge plaintiff at will. Neither could the plaintiff reasonably rely on the brochure as limiting the circumstances under which he could be discharged. I concur in the Court's legal construction of the brochure and in the result reached on the basis of that construction.

In my view an employer's personnel policies, if couched in language that either expressly or by implication makes promises to employees, may bind the employer to these promises and restrict the employer's power to discharge even if the policies are unilaterally promulgated and are supported by no consideration apart from the employee's acceptance or continuation of employment. *See Trought v. Richardson,* 78 N.C. App. 758, 338 S.E. 2d 617, *disc. rev. denied,* 316 N.C. 557, 344 S.E. 2d 18 (1986); *Pine River State Bank v. Mettille,* 333 N.W. 2d 622 (Minn. 1983); *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 292 N.W. 2d 880, *reh'g denied,* 409 Mich. 1101 (1980); *see generally,* Note, *Employee Handbooks and Employment at Will Con-*

*tracts,* 1985 Duke L.J. 196 (1985). I do not understand our decision today to hold to the contrary.

Justice MARTIN joins in this concurring opinion.