952 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jesse RUFFIN, Jr., Plaintiff-Appellant,
v.
TRW, INCORPORATED, Defendant-Appellee.
 No. 91-2538.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Dec. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. (CA-91-18-4-CIV-BO), Terrence W. Boyle, District Judge.
 Robert L. White, Greenville, N.C., for appellant.
 Charles P. Roberts, III, Haynsworth, Baldwin, Johnson & Greaves, Greensboro, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jesse Ruffin Jr. appeals the district court's dismissal of his wrongful discharge suit against TRW, Inc. (TRW). Ruffin claimed in his diversity suit that he was wrongfully discharged in violation of his employment contract and North Carolina public policy. Because we find that Ruffin's appeal is meritless, we affirm.
 
 
 2
 Ruffin, who had worked at TRW's Greenville, North Carolina, plant for over three years, was discovered sleeping on company time by his supervisor in the early morning of April 14, 1989. At that time, Ruffin was sent home and told not to return until he was contacted by the company. On April 17, 1989, he was given the choice of being fired or resigning his position. Ruffin chose to resign.
 
 
 3
 Ruffin claimed in his complaint that TRW breached its covenant of good faith and fair dealing by forcing him to resign without good cause and by not compensating him for the loss of his employment, by failing to use due care to preserve its contractual relationship with him, and by discharging him in violation of its own employee manual. The district court dismissed Ruffin's suit pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 We find that Ruffin's claims were properly dismissed by the district court because Ruffin's status as an "at will" employee during the entire time he was employed with TRW precludes recovery on any of the proffered theories. We note initially that Ruffin's employee handbook specifically stated that an employee's continued employment with the company was "at will." Second, North Carolina courts have repeatedly held that absent some form of contractual agreement between an employer and employee establishing a definite term of employment, the employment is presumed to be "at will," terminable at the will of any party, for any reason. Harris v. Duke Power Co., 356 S.E.2d 357, 359 (N.C.1987). An "at-will" employee states no cause of action for breach of contract by alleging that he has been discharged without just cause. Id. Therefore, because Ruffin has presented no evidence that his "at will" status was contractually modified, the district court properly dismissed his claims.
 
 
 5
 We recognize that North Carolina has established limited exceptions to the "at will" doctrine in cases involving employees who are fired because of their refusal to commit perjury, or for refusing to commit an illegal act. See Coman v. Thomas Mfg. Co., 381 S.E.2d 445 (N.C.1989); McLaughlin v. Barclays American Corp., 382 S.E.2d 836, 839-40 (N.C.Ct.App.), cert. denied, 385 S.E.2d 498 (N.C.1989); Sides v. Duke Hosp., 328 S.E.2d 818, 822-23 (N.C.Ct.App.1985). However, this exception has been limited to instances in which there are allegations that the employer fired the employee for refusing to engage in conduct which would have subjected the employee to criminal liability. See McLaughlin, 382 S.E.2d at 839-40; see also Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530 (4th Cir.1991). Here, Ruffin has not alleged that TRW fired him for refusing to engage in conduct for which he could have been held criminally liable. Therefore, he has failed to state a claim under North Carolina's public policy exception to the "at will" doctrine.
 
 
 6
 In conclusion, we affirm the district court's dismissal of Ruffin's suit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.