■ In the Matter of AMAURI F., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), entered January 8, 1991, which, upon a fact-finding order of the same court, dated November 30, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent, and ordered him conditionally discharged for 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's motion to suppress evidence seized upon his arrest was properly denied without a hearing since his supporting papers were conclusory and failed to allege any facts in support of his motion *(see,* CPL 710.60 [3]; *People v Washington,* 106 AD2d 593; *Matter of Roberto H.,* 67 AD2d 549). Moreover, the People's papers in opposition revealed that, in fact, the evidence was found in a bush and was not seized from the appellant's person. Because the appellant failed to allege an expectation of privacy in the thing seized or the place searched, there was no basis upon which a hearing was warranted *(see, People v Wesley,* 73 NY2d 351; *People v Gomez,* 67 NY2d 843; *People v Stevens,* 129 AD2d 749). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.