Brady v. Van Vlaanderen, 2013 NCBC 37.

| STATE OF NORTH CAROLINA | | IN THE GENERAL COURT OF JUSTICE |
|---|---|---|

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 7552

PATRICIA M. BRADY,

        Plaintiff,

        v.

BRYANT C. VAN VLAANDEREN;
RENEE M. VAN VLAANDEREN;
MARC S. TOWNSEND; LINDA M.
TOWNSEND; UNITED TOOL &
STAMPING COMPANY OF NORTH
CAROLINA, INC.; UNITED
REALTY OF NORTH CAROLINA,
LLC; ENTERPRISE REALTY, LLC;
and WATERS EDGE TOWN
APARTMENTS, LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTION TO DISMISS**

{1}     THIS MATTER is before the court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)"). For the reasons stated below, the Motion is GRANTED in part and DENIED in part, and Plaintiff is granted leave to file a Second Amended Complaint.

     *Bain, Buzzard, & McRae, LLP by Edgar R. Bain for Plaintiff.*

     *Shanahan Law Group, PLLC by Brandon S. Neuman and John E. Branch, III for Defendants.*

Gale, Judge

# I. PARTIES

{2} Plaintiff Patricia Brady is a citizen and resident of Cumberland County, North Carolina. Plaintiff has a one-third ownership interest in each of the corporate defendants, and was formerly an employee of Defendant United Tool & Stamping Company of North Carolina, Inc. ("United Tool"). (Am. Compl. ¶¶ 1, 3–9, 86.)

{3} Defendants Bryant C. Van Vlaanderen, Renee M. Van Vlaanderen, Marc S. Townsend, and Linda M. Townsend (collectively "Individual Defendants") are citizens and residents of Cumberland County, North Carolina. (Am. Compl. ¶ 2.) The Individual Defendants collectively own the remaining two-third ownership interest in the corporate defendants. (Am. Compl. ¶¶ 3–6.) Plaintiff and the individual female Defendants are sisters; the individual male Defendants are Plaintiff's brothers-in-law. (Am. Compl. ¶¶ 7, 9.)

{4} Defendant United Tool is a North Carolina corporation with its principal place of business in Cumberland County, North Carolina. (Am. Compl. ¶ 3.) United Tool is engaged in the manufacture of metal stampings, and also provides tooling, engineering, tapping, assembly, and other services. (Am. Compl. ¶ 10.)

{5} Defendant United Realty of North Carolina, LLC ("United Realty") is a North Carolina limited liability company with its principal place of business in Cumberland County, North Carolina. (Am. Compl. ¶ 4.) United Realty owns the real estate and manufacturing building where United Tool is located, and leases the property to United Tool. (Am. Compl. ¶ 11.)

{6} Defendant Enterprise Realty, LLC ("Enterprise") is a North Carolina limited liability company with its principal place of business in Cumberland County, North Carolina. (Am. Compl. ¶ 5.) Enterprise owns several lots and residential units located in Kure Beach and Carolina Beach, North Carolina. (Am. Compl. ¶ 12.)

{7}     Defendant Waters Edge Town Apartments, LLC ("Waters Edge") is a North Carolina limited liability company with its principal place of business in Cumberland County, North Carolina. (Am. Compl. ¶ 6.) Waters Edge owns a 30-unit apartment complex located at 500 Mill Cove Court, Fayetteville, North Carolina. (Am. Compl. ¶ 13.)

{8}     United Tool, United Realty, Enterprise, and Waters Edge will collectively be referred to as the "Corporate Defendants."

{9}     Plaintiff and the Individual Defendants are directors and shareholders of United Tool (Am. Compl. ¶ 39), and Bryant C. Van Vlaanderen is president and general manager. (Am. Compl. ¶ 19.)

## II.  PROCEDURAL BACKGROUND

{10}     Plaintiff filed the Complaint in Cumberland County on August 24, 2012. The case was designated as a mandatory complex business case on September 12, 2012 by Order of Chief Justice Sarah Parker, and assigned to the undersigned on September 19, 2012.

{11}     Plaintiff filed an Amended Complaint on September 27, 2012, bringing claims for: (1) access to information and records of United Tool; (2) inspection and copying of records of United Realty, Enterprise, and Waters Edge; (3) restoration of her rights and interests, a buy-out of her interests, or involuntary dissolution of United Tool; (4) appointment of a receiver for United Tool; (5) appraisal of United Tool; (6) liquidation of United Tool pursuant to N.C. Gen. Stat. § 55-14-30; (7) judicial dissolution of United Realty, Enterprise, and Waters Edge pursuant to N.C. Gen. Stat. § 57C-6-02; and (8) wrongful termination–retaliation.

{12}     Defendants filed this Motion on November 21, 2012. On March 25, 2013, the court entered a Protective Order allowing the exchange of corporate documents and records. The Motion has been fully briefed, the court held oral argument, and the matter is ripe for disposition.

## III. FACTUAL BACKGROUND

{13}     The court does not make findings of fact in connection with a motion to dismiss, as a motion to dismiss "does not present the merits, but only [determines] whether the merits may be reached." *Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986).  For the purposes of this Motion, the court accepts the allegations of the Amended Complaint as true and draws reasonable inferences from those facts in Plaintiff's favor.  *See, e.g.*, *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 164 (1970); *Crouse v. Mineo*, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008).

{14}     Prior to January 2, 2012, all of the voting stock of United Tool was owned by Anthony Moschella, the father of the Plaintiff and the individual female Defendants.  (Am. Compl. ¶ 7.)  On January 2, 2012, Anthony Moschella sold his 100 shares of voting stock in United Tool to the corporation, and United Tool executed a promissory note to Anthony Moschella in the sum of $1,100,000.00.  (Am. Compl. ¶ 8.)  As a result of transfers on January 2, 2012 and Plaintiff's subsequent divorce, the voting shares of United Tool are currently held as follows:

| | |
|---|---|
| Patricia M. Brady | 300 shares[1] |
| Bryant C. Van Vlaanderen | 150 shares |
| Renee M. Van Vlaanderen | 150 shares |
| Marc S. Townsend | 150 shares |
| Linda M. Townsend | 150 shares |

(Am. Compl. ¶ 9, Ex. 1.)

{15}     Plaintiff was an employee of United Tool on a fairly consistent basis from 2001 until she was fired on May 24, 2012.  (Am. Compl. ¶¶ 15, 25.)  Plaintiff asserts that each family of shareholders shared an expectation of salary and benefits by reason of their ownership.  In February 2012, following the Parties' purchase of the voting stock of United Tool, Plaintiff alleges that she began receiving a salary of $3,000.00 per week from United Tool, the same salary paid to

---

[1]  Plaintiff obtained 150 shares from her husband upon divorce.

the two shareholder families. Plaintiff alleges that the Individual Defendants made suggestions that she need not show up for work or come to the office in order to receive her salary. (Am. Compl. ¶ 18.) Plaintiff contends that while an employee she requested and was denied access to any accounting, money transactions, financial records, or any information related to disbursements, distributions, and values of the businesses, and has been denied the opportunity to participate in any business decisions. (Am. Compl. ¶¶ 19–20.)

{16} Plaintiff contends that she retained counsel to help secure documents and records of the Corporate Defendants after being denied any participation or access to information, and did so to determine if there were any improper expenditures. (Am. Compl. ¶¶ 21–22, 41, 51, Ex. 5.) Plaintiff's counsel over the next few months attempted to help her secure the documents and records through discussions with Defendants' counsel. (Am. Compl. ¶¶ 21–36.)

{17} On May 19, 2012, a special meeting of the stockholders and interested parties was called at the corporate offices for United Tool. Plaintiff alleges that this meeting was held to discuss terminating her employment. (Am. Compl. ¶¶ 23–25.) Plaintiff was terminated from United Tool on May 24, 2012, and has since been barred from the company premises. (Am. Compl. ¶¶ 25–26.) Plaintiff contends that after her termination she no longer received health insurance coverage, distributions, or any of the benefits the other family members, directors, owners, and employees of the business continue to receive. (Am. Compl. ¶¶ 31, 69, 71.)

{18} Beginning in May 2012 and continuing through the filing of this suit, the Parties had several disputes regarding the inspection of corporate records. (Am. Compl. ¶¶ 27–29, 32–36.) While Plaintiff has yet to receive certain documents, the disputes appear to have been resolved, with Defendants' counsel stating in open court that Plaintiff will be given the requested documents which are in Defendants' possession and that additional documents may be obtained from third parties at Plaintiff's expense.

{19} In sum, Plaintiff alleges that she has been frozen out of participation in the Corporate Defendants, improperly denied salary and benefits, and that the

Individual Defendants have misappropriated business assets.  (Am. Compl. ¶¶ 17, 37, 39–41, 67.)

## IV.  STANDARD OF REVIEW

{20}     The appropriate inquiry on a motion to dismiss pursuant to Rule 12(b)(6) is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not."  *Crouse*, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008) (quoting *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)).  A motion to dismiss may be granted if the complaint reveals the absence of facts required to make out a claim for relief or if the complaint reveals some fact that necessarily defeats the claim.  *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002).  The court in ruling on the motion should consider exhibits attached to the complaint because they are a part of the pleading for all purposes.  *Woolard v. Davenport*, 166 N.C. App. 129, 133–34, 601 S.E.2d 319, 322 (2004); N.C. Gen. Stat. § 1A-1, Rule 10(c) (2012).

## V.  ANALYSIS

A.  Plaintiff's First and Second Causes of Action Each State a Claim.

{21}     Plaintiff requested access to information and records of United Tool pursuant to N.C. Gen. Stat. § 55-16-05, and to inspect and copy records of United Realty, Enterprise Realty, and Waters Edge pursuant to N.C. Gen. Stat. § 57C-3-04. Defendants now acknowledge that Plaintiff sufficiently alleged the statutory requirements necessary to satisfy the requirements of Rule 12(b)(6).  Defendants instead contest the breadth of the requests to the extent that the claims are not now moot.  However, the Rule 12(b)(6) motion inquires only whether a claim has been stated.  The Motion to dismiss claims one and two is DENIED.

B. Plaintiff Is Allowed to Amend her Third, Sixth, and Seventh Causes of Action to Clarify Her *Meiselman* Claims.

{22}    In her third and seventh claims, Plaintiff requests dissolution based on *Meiselman v. Meiselman*, 309 N.C. 279, 298, 307 S.E.2d 551, 562 (1983). (Am. Compl. ¶¶ 62–77; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss (hereinafter "Mem. in Opp'n") 8.)  The third claim relates to United Tool, a corporation.  The seventh claim relates to the LLCs, and asserts mismanagement and waste in addition to a *Meiselman* claim.  Defendants challenge the *Meiselman* claim as being improperly based on conclusory allegations without the specificity they contend is required by *Meiselman's* holding that, "before it can be determined whether, in any given case, it has been "established" that liquidation is "reasonably necessary" to protect the complaining shareholder's "rights or interest[s]", the particular "rights or interests" of "the complaining shareholder" must be articulated."  309 N.C. at 298, 307 S.E.2d at 562.

{23}    *High Point Bank v. Sapona Mfg. Co.*, ____ N.C. App. ____, 713 S.E.2d 12, 15 (2011) stated a test for *Meiselman* claims as follows:

> For plaintiff to obtain relief under the expectations[] analysis, he must prove that (1) he had one or more substantial reasonable expectations known or assumed by the other participants; (2) the expectation has been frustrated; (3) the frustration was without fault of plaintiff and was in large part beyond his control; and (4) under all of the circumstances of the case plaintiff is entitled to some form of equitable relief.

{24}    During the discussion at oral argument whether Plaintiff has made allegations adequate to meet this test, while contending that she has, Plaintiff's counsel alternatively requested leave to amend if the court concluded that the allegations should be stated more precisely.  The court concludes that further specificity would be appropriate and Plaintiff is given leave to amend.  This leave is

without prejudice to Defendants' right to then challenge the amended claims pursuant to Rule 12(b)(6).

{25}    To the extent that the seventh claim is instead or additionally premised on allegations of mismanagement or corporate waste, the amendment should clarify the basis of her claims.

C. <u>Plaintiff's Fourth Cause of Action for the Appointment of Receiver for United Tool is Dismissed Without Prejudice.</u>

{26}    Plaintiff's fourth claim in the Amended Complaint requests the court to appoint a receiver pursuant to N.C. Gen. Stat. § 55-14-32 in order to protect the assets of United Tool pending trial. (Am. Compl. ¶ 79; Mem. in Opp'n 9.)  In Plaintiff's response to this Motion and at oral argument, Plaintiff stated that she is not currently pursuing this cause of action and does not intend to ask for the appointment of a receiver unless the conduct of the Defendants becomes more egregious. (Mem. in Opp'n 17.)  Under this circumstance, the court concludes that the request for a receiver should only be made if necessary.  Therefore, this claim is DISMISSED without prejudice.

D. <u>Plaintiff Has Abandoned her Fifth Cause of Action for an Appraisal of United Tool.</u>

{27}    In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff states "…Plaintiff is not of the opinion she will ultimately be able to prevail upon her request for an appraisal of United Tool.  Consequently, the Plaintiff will take a voluntary dismissal of the fifth claim for relief…." (Mem. in Opp'n 17.)  As she has not yet done so, this claim is DISMISSED.

E. <u>Plaintiff's Eighth Cause of Action in Contract for Wrongful Termination Should be Dismissed.</u>

{28}    Plaintiff did not have a contract with United Tool providing employment for a definite term or requiring termination of employment only for cause.  Nevertheless, Plaintiff asserts a claim for wrongful retaliatory termination,

contending that Defendants wrongfully terminated her for attempting to exercise her rights to inspect documents as a shareholder/director. (Am. Compl. ¶ 91.) This contract claim is stated separate and apart from her request for salary and benefits protected by her alleged *Meiselman* expectations.

{29} North Carolina is an employment-at-will state, such that absent an agreement providing for a definite term, employment is terminable at will absent a provision mandating termination only for cause. *Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997); *see also Soles v. City of Raleigh Civil Serv. Comm'n*, 345 N.C. 443, 446, 480 S.E.2d 685, 687 (1997); *Harris v. Duke Power Co.*, 319 N.C. 627, 629, 356 S.E.2d 357, 359 (1987). The North Carolina courts have recognized very narrow exceptions to the terminable at will doctrine where the termination was for an unlawful reason or a purpose that contravenes public policy. *See, e.g., Pierce v. Atl. Grp., Inc.*, _____ N.C. App. ___, 724 S.E.2d 568, 575 (2012); *Ridenhour v. IBM*, 132 N.C. App. 563, 568, 512 S.E.2d 774, 778 (1999)).

{30} North Carolina courts have not established a definitive list of actions that may contravene public policy, and they have not yet addressed the question whether the firing of a shareholder whose employment was otherwise terminable at will violates public policy because it was a result of a shareholder's demand of inspection rights. Other states have addressed the issue, with holdings which favor the corporation. *See, e.g., Campbell v. Ford Indus. Inc.*, 274 Ore. 243, 250, 546 P.2d 141, 146 (1976) (noting the primary basis for the right of inspection of books and records of a corporation by its shareholders is the protection of their private and proprietary interests as owners of the corporation, and an attempt to exercise rights as a shareholder has no direct relation to rights as an employee); *King v. Driscoll*, 418 Mass. 576, 584, 638 N.E.2d 488, 493 (1994) (noting that the financial well being of the corporation and its shareholders does not rise to the level of importance required to justify an exception to the general rule regarding termination of employees at will); *see generally* Joel E. Smith, *Right of Corporation to Discharge Employee Who Asserts Rights as Stockholder*, 84 A.L.R.3d 1107 (1978).

{31} The court concludes that here Plaintiff should pursue her claim for salary and benefits, if at all, through her *Meiselman* claim, and that this court should not and does not now adopt an additional public policy exception to North Carolina's terminable at will doctrine.

{32} Therefore, Plaintiff's eighth claim for wrongful termination of an employment contract is DISMISSED.

## VI. CONCLUSION

{33} For the foregoing reasons, Defendants' Motion is GRANTED as to Plaintiff's Fifth and Eighth causes of action, DENIED as to Plaintiff's First and Second causes of action, Plaintiff's Fourth cause of action is DISMISSED without prejudice, and the court will allow Plaintiff thirty (30) days from the entry of this Order to amend her Third, Sixth, and Seventh causes of action.

IT IS SO ORDERED, this the 24th day of July, 2013.