**Frank REID, Plaintiff,**

v.

**Wendell O. WHITE, William H. Wilder, Pressley Beaver, and The City of Charlotte, Defendants.**

**No. C–C–87–524–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 19, 1988.

John F. Ray, Robert F. Rush, Charlotte, N.C., for plaintiff.

F. Doublas Canty, Evelyn F. Dove, Vicki B. Rowan, Womble Carlyle Sandridge & Rice, Charlotte, N.C., C. Daniel Barrett, Womble Carlyle Sandridge & Rice, Winston–Salem, N.C., for defendants.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

### I. PRELIMINARY STATEMENT

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment, filed August 29, 1988, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' Motion for Summary Judgment will be granted and a Judgment in Defendants' favor will be entered simultaneously with this Memorandum of Decision.[1]

### II. NATURE OF THE CASE AND ISSUES PRESENTED

This case is essentially a civil rights action arising under 42 U.S.C.A. § 1983 (West 1981).[2] On November 19, 1987, Plaintiff, Frank Reid ("Reid"), filed a complaint in this Court alleging that the City of Charlotte ("Charlotte")[3] discharged him from his employment as a Sanitation Department Labor Crew Chief II in violation of his procedural and substantive due process rights[4] and in breach of an alleged employment contract between Reid and Charlotte. Reid is seeking (1) reinstatement to his position of employment, (2) compensatory damages totaling $320,595.60, (3) restoration of his employment fringe benefits, including retirement and hospital insurance benefits, and (4) costs and reasonable attorney's fees.

This Court's subject-matter jurisdiction rests upon 28 U.S.C.A. § 1331 (West Supp. 1988) (federal question jurisdiction), and 28 U.S.C.A. § 1343 (West Supp.1988) (civil rights jurisdiction). This Court also has pendent jurisdiction over Plaintiff's state

---

1. It is interesting to note at the outset that the Honorable James B. McMillan has recently granted summary judgment to defendants in two cases with claims and facts very similar to the claims and facts of the present case. *Hunter v. White; Cofield v. White,* 704 F.Supp. 94 (W.D.N.C.1988). Judge McMillan held, as a matter of law, that plaintiffs' employment with the City of Charlotte was terminable at will, and, therefore, their due process rights, procedural or substantive, under either the federal or state constitutions, were not violated by the defendants. Judge McMillan also granted summary judgment to defendants on the plaintiffs' claims for breach of contract.

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C.A. § 1983 (West 1981).

3. Charlotte, Mecklenburg County, North Carolina, is a municipal corporation chartered by the State of North Carolina. *See* N.C.Gen.Stat. §§ 160A–1 to 160A–588 (1987). Charlotte has a city council form of local government. *Id.* at §§ 160A–12, 160A–67.

4. Plaintiff invoked both the federal constitution's due process clause, U.S. Const., amend. XIV, § 1, and North Carolina's constitutional equivalent, N.C. Const., art. I, § 19 ("No person shall be taken, imprisoned, disseized of his freehold, liberties, or privileges ... or in any manner deprived of his life, liberty, or property, but by the law of the land.").

law breach of contract claim. *E.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The principal issue before this Court is whether Reid had a property right in his continued employment with Charlotte.[5]

### III. STANDARD OF DECISION

Rule 56(c) of the Federal Rules of Civil Procedure establishes the standard of decision that this Court must use in determining Defendants' Motion for Summary Judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Recently, the United States Supreme Court has had several occasions to construe the summary judgment standard established in Rule 56. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (antitrust conspiracy case); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (libel action); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (asbestos related wrongful death action); *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1969) (alleged conspiracy to violate civil rights). These cases provide substantial guidance to this Court in its determination of Defendants' Motion for Summary Judgment.

In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court noted:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of

the Rule, the non-moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

*Id.* 106 S.Ct. at 1356 (emphasis in original; footnote and citations omitted; quoting Fed.R.Civ.P. 56).

In the present case, Defendants have the burden of production to show that there are no genuine issues for trial. If that burden of production has been met, then the burden of persuasion shifts to Plaintiff to establish that there are indeed genuine issues for trial.

In *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court stated the following:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* 106 S.Ct. at 2552–53; *accord White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir.1987).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id.*

---

5. This Court must also determine whether there is a genuine issue of material fact as to whether Defendants deprived Reid of a constitutionally protected liberty interest or wrongfully breached an alleged employment contract between Charlotte and Reid.

Finally, it is worth noting that in *Anderson v. Liberty Lobby, Inc.* the Court held:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* 106 S.Ct. at 2511.

## IV. UNDISPUTED MATERIAL FACTS [6]

Reid is a citizen and resident of Mecklenburg County, North Carolina. Defendant O. Wendell White ("White") is Charlotte's City Manager. Defendant William H. Wilder ("Wilder") is Charlotte's Personnel Director. Defendant Pressley Beaver ("Beaver") is Charlotte's Operations Director.

Beginning in 1978, Charlotte employed Reid in Charlotte's Sanitation Department.[7] In 1978, Reid gained the position of Labor Crew Chief II, which involved the supervision of approximately eighteen workers.[8]

In December 1985, a Sanitation Department employee informed Beaver that certain labor crew chiefs in Charlotte's Sanitation Department were loaning money at high interest rates to employees and then collecting the loans by using threats and intimidation.[9] After learning of these allegations of "loan-sharking," Beaver requested that Charlotte's Police Department investigate the matter.[10]

During the police department's investigation, Beaver received updates from the police, and he, in turn, informed his immediate supervisor, C. Don Steger ("Steger"), Charlotte's Assistant City Manager, of the investigation's progress. Steger, however, did not know which individual employees were under investigation.[11]

In June 1986, as a result of the investigation into the alleged loan-sharking activities in Charlotte's Sanitation Department, Reid was arrested and charged with forgery.[12] On June 11, 1986, Reid was called to a meeting with Beaver and Simon White ("White"), Reid's immediate supervisor.[13] At the meeting, Reid was told that he was to be terminated from his employment because of misconduct—the forgery charges.[14] A memorandum dated June 18, 1986 states, in pertinent part, the following:

> For the past several months the Operations Department, assisted by the Charlotte Police Department, has conducted an investigation resulting from allegations that Sanitation Division–Residential Collection management personnel have been loaning money for profit on City property. During that investigation, an allegation was made that you had endorsed and cashed several City of Charlotte paychecks made out to a Sanitation Division employee without that employee's permission. Additionally, the police officers have reason to believe that similar occurrences may have been perpetrated by you [in the past]....
>
> ....
>
> Based upon the information presented in the above paragraphs, I believe that there is reasonable evidence to conclude that you have perpetrated an act or acts of misconduct resulting in an arrest for a criminal offense; that your actions pose an immediate threat to the effective performance of duties by other Sanitation Division employees; and that your ac-

---

6. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court recognized that Rule 56 of the Federal Rules of Civil Procedure does not require the trial judge to make findings of fact, although such findings may be helpful to a reviewing court. *Id.* 106 S.Ct. at 2511 & n. 6.

7. Reid Depo. at 7.

8. *Id.* at 11.

9. Beaver Depo. at 16, 25.

10. *Id.* at 17–18.

11. Steger Depo. at 40–41.

12. Reid Depo. at 15.

13. *Id.* at 20–21.

14. *Id.;* Def'ts' Exhibit 1 (copy of Memorandum dated June 18, 1986 explaining reasons for termination).

tions have an immediate adverse effect upon the reputation of the City. Such behavior constitutes conduct unbecoming a City employee. Therefore, in accordance with the City's Administrative Policy 2.09, Allegations of Employee Misconduct, I am advising you that your termination from employment with ... Charlotte is warranted effective immediately and that you are hereby terminated.

Def'ts' Exh. 1.

On June 19, 1986, Charlotte terminated Reid from his employment as a Labor Crew Chief II with Charlotte's Sanitation Department. At that time, Reid had worked for Charlotte approximately fifteen years. Following termination, Reid filed a grievance pursuant to Charlotte's grievance procedure.[15]

Charlotte's procedures for dealing with personnel grievances are based upon a city council resolution.[16] Since the personnel rules were originally adopted, they have been amended by further resolution to provide that the Assistant City Manager may conduct a hearing on a filed grievance, if he so chooses.[17] The decision to conduct a grievance hearing is within the discretion of the City Manager and the Assistant City Manager.[18]

In July 1986, Steger conducted a hearing on Reid's grievance, and on November 25, 1986 his grievance was denied.[19] Thereafter, Reid requested a hearing before a third party, and on January 8, 1987 such request was denied. On April 1, 1987, Reid requested that he be reinstated and receive backpay and benefits, but on May 14, 1987 his request was denied.

Reid had no agreement with Charlotte that he would work for a specific period of time, and he was never promised, either before or during his employment, that he would work with Charlotte for a definite period of time.[20]

On November 19, 1987, Reid filed in this Court the complaint that forms the basis of the present action.

## V. DISCUSSION

In order for a plaintiff's interest in continued employment to be protected by the procedural safeguards of the due process clause of the fourteenth amendment to the United States constitution, a plaintiff must establish the existence of a property interest in such employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The existence or nonexistence of a property interest protected by the due process clause of the fourteenth amendment is determined by referring to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Un-

**15.** Reid Depo. at 22–24.

**16.** Def'ts' Exh. 2. The city council unanimously adopted the revised personnel rules and regulations on October 6, 1969.

**17.** Def'ts' Exh. 3. The city council made this amendment to the personnel rules and regulations by resolution on November 20, 1978.

**18.** Wilder Depo. at 22, 26.

**19.** Reid Depo. at 28, 29, 32. Reid presented witnesses at the grievance hearing. Although he was told he could have an attorney represent him at the hearing, Reid chose not to have an attorney. *Id.*

**20.** *Id.* at 11–12. Specifically, Reid testified at his deposition to the following:

Q. When you came to work for Charlotte, did any of your supervisors ever promise you that you would be employed for a certain period of time like one year or two years or something like that?
A. No. No one ever promised me that, no.

Q. Did you ever promise or tell anybody that you would work for the City for a certain period of time?
A. No, I didn't promise that I'd work for a certain length of time. My intention was to work there until I retired. If you want to call that a certain amount of time, then that was a certain length of time.
Q. Could you have quit at anytime that you wanted to?
A. I supposed I could if I choose [sic] to.
Q. If you wanted to you could have just up and quit, I guess?
A. I guess—yeah, I could have quit. I wouldn't have though.
Q. Did you ever sign any type of employment contract with the City?
A. No; I don't know whether you would call it a contract or not. I had to sign papers when I was hired.
Q. What type of papers, do you remember?
A. Insurance papers and this type of stuff.

der North Carolina state law, a public employee normally does not have a property interest in continued employment. Employment contracts are presumed to be "at-will" in the absence of an agreement for employment for a definite term, and the employee-employer relationship may be terminated at any time for any reason or for no reason at all. *Nantz v. Employment Security Comm'n,* 290 N.C. 473, 477, 226 S.E.2d 340, 343 (1976). No Charlotte ordinance granted to Reid the right to continued employment, and Reid does not allege that he had an agreement with Charlotte for a definite term.

In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), a police officer had been discharged from his employment with the City of Marion, North Carolina, without the benefit of a hearing to determine the sufficiency of the reasons for his discharge. The officer filed a complaint alleging that he had a sufficient expectancy of continued employment to constitute a property interest protected by the procedural due process clause of the fourteenth amendment. The *Bishop* Court rejected this argument and stated, in pertinent part, the following:

> A property interest in employment can, of course, be created by ordinance or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law. The North Carolina Supreme Court has held that an enforceable expectation of continued public employment in that State can exist only if the employer, by statute or contract, has actually granted some form of guarantee.

*Bishop v. Wood,* 426 U.S. at 344–345, 96 S.Ct. at 2077 (citing *Still v. Lance,* 279 N.C. 254, 182 S.E.2d 403 (1971)). The *Bishop* Court held that since under North Carolina law plaintiff was an "at-will" employee, his discharge did not deprive him of a property interest protected by the fourteenth amendment's due process clause. *Id.*

Plaintiff in the present case has failed to raise a genuine issue of material fact regarding his status as an "at-will" employee, and, therefore, summary judgment in Defendants' favor is appropriate. It is settled in North Carolina that an employment relationship for an indefinite period of time is terminable at-will, regardless of the quality of performance. *Still v. Lance,* 279 N.C. 254, 182 S.E.2d 403 (1971). In *Harris v. Duke Power Co.,* 319 N.C. 627, 356 S.E.2d 357 (1987), the North Carolina Supreme Court reaffirmed the "at-will" doctrine and stated, in pertinent part, the following:

> North Carolina courts have repeatedly held that absent some form of contractual agreement between an employer and employee establishing a *definite* period of employment, the employment is presumed to be an "at-will" employment, terminable at the will of either party, irrespective of the quality of the performance by the other party, and the employee states no cause of action for breach of contract by alleging that he has been discharged without just cause.

*Id.* at 629, 356 S.E.2d at 359.

■ Reid has failed to raise a genuine issue of material fact that he was employed pursuant to an employment contract of a definite duration or that some limited exception to the "at-will" doctrine applies. Reid has stated in his affidavits that he was employed by Charlotte pursuant to an employment contract "that was partly in writing, partly by express oral terms[,] and partly implied by the conduct of the parties." [21] Reid, however, does not state in his affidavits that his employment contract was for a definite period of time. Therefore, Reid was an "at-will" employee, and, under *Bishop,* he has no expectation of continued employment protected as a property interest under the procedural due process clause of the fourteenth amendment.

Reid contends that the grievance procedures of Charlotte's personnel rules granted him constitutionally protected property

---

**21.** Reid. Aff. at 1 (filed Dec. 15, 1988); *see also* Reid Aff. at 1 (filed Sept. 7, 1988) (referring to employment contract).

rights. In North Carolina, however, unilaterally adopted employment policies do not create enforceable contract rights. *Walker v. Westinghouse Elec. Corp.,* 77 N.C. App. 253, 335 S.E.2d 79 (1985), *discr. rev. denied,* 315 N.C. 597, 341 S.E.2d 39 (1986); *Buffaloe v. United Carolina Bank,* 89 N.C.App. 693, 366 S.E.2d 918 (1988).

In *Griffin v. Housing Authority of Durham,* 62 N.C.App. 556, 303 S.E.2d 200 (1983), the North Carolina Court of Appeals rejected a plaintiff's assertion that he had a constitutionally protected property interest based upon the Housing Authority's personnel policies:

> Defendant's personnel policies ... were not expressly incorporated in plaintiff's contract, and without such inclusion defendant was not obligated to follow its personnel policies in dismissing plaintiff.... The requirements of procedural due process apply only to deprivation of interests which are encompassed by the protection of liberty and property interests in the Fourteenth Amendment. Plaintiff's employment contract, which was terminable at will, did not provide him with a Fourteenth Amendment property right or a vested interest in continued employment.

62 N.C.App. at 557–558, 303 S.E.2d at 201–202 (citations omitted).

Finally, the United States Court of Appeals for the Fourth Circuit has recently held in *Pittman v. Wilson County,* 839 F.2d 225 (4th Cir.1988), that a county's personnel rules and regulations, which had been adopted and promulgated as resolutions, were not sufficient under North Carolina law to create a protected property interest in continued employment.[22] In the present case, Charlotte's grievance procedure was adopted by way of a resolution, not by way of a formal ordinance.

Reid states in his affidavits, however, that Charlotte's grievance procedure was a part of his employment contract.[23] Reid also asserts that he considered the grievance procedure a guarantee of job security and that he may not have accepted or continued his job without such a grievance procedure.

Given the authorities cited above, this Court is of the opinion that Reid has failed to raise a *genuine* issue of material fact that he had more than a unilateral expectation of continued employment. Such abstract desires are insufficient to create a property interest protected under the fourteenth amendment. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Charlotte's grievance procedure was not adopted pursuant to an ordinance or expressly incorporated by the City Council into Reid's alleged employment contract.[24] The undisputed material facts show that Reid was nothing more than an "at-will" employee, and, therefore, he was not entitled to the procedural safeguards of the fourteenth amendment prior to termination.

Courts have consistently applied the above-analysis to claims arising under North Carolina's constitution, and, therefore, Reid's claims under N.C. Const., art. I, § 19, must also fall.

This Court is also of the opinion that Reid has failed to show that there is a genuine issue of material fact regarding his claims that Defendants deprived him of a constitutionally protected liberty interest or violated his substantive due process rights. Therefore, this Court will grant Defendants' Motion for Summary Judgment as to all of Reid's federal claims.

22. *Accord Dail v. Town of Nags Head,* 86–55–CIV–2 (E.D.N.C. filed Oct. 14, 1988) (Dupree, J.) (following *Pittman v. Wilson County* ); *Sale v. City of Kings Mountain,* SH–C–87–249 (W.D.N.C. filed May 9, 1988) (Jones, J.); *Johnson v. City of Kings Mountain,* SH–C–87–248 (W.D.N.C. filed May 9, 1988) (Jones, J.); *McDaniel v. Polk County,* SH–C–87–63 (W.D.N.C. filed Aug. 10, 1988) (Jones, J.).

23. Reid Aff. at 1–2 (filed Dec. 15, 1988); Reid Aff. at 1 (filed Sept. 7, 1988).

24. Plaintiff has also not explained to this Court's satisfaction how he could have an enforceable contract with Charlotte that is "partly oral." Section 160A–16 of the North Carolina General Statutes clearly states, "All contracts made by or on behalf of a city shall be in writing." N.C. Gen.Stat. § 160A–16 (1987). Contracts made in violation of § 160A–16 are "void and unenforceable unless ... expressly ratified by the [city] council." *Id.*

Reid has also alleged that Charlotte breached his employment contract by discharging him without just cause. The undisputed material facts show, however, that Reid was an "at-will" employee who could be discharged at any time, with or without cause. Charlotte's personnel procedures were never expressly made part of any contract of employment for Reid, and, therefore, his employment remained "at-will." Thus, this Court shall grant Defendants' Motion for Summary Judgment on Reid's breach of contract claim.

## VI. CONCLUSION

Reid has failed to raise a genuine issue of material fact to show he was anything other than an "at-will" employee, and, therefore, Charlotte could legally terminate his employment at any time without violating federal or state constitutional due process, procedural or substantive. Nor did Defendants deprive Reid of a constitutionally protected liberty interest by discharging him. In addition, since the undisputed material facts establish that Reid's employment was at-will, he cannot sustain his state law claim for breach of contract.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion for Summary Judgment, filed August 29, 1988, is GRANTED. A Judgment shall be filed simultaneously with this Memorandum of Decision.

## JUDGMENT

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment, filed August 29, 1988, pursuant to Rule 56 of the Federal Rules of Civil Procedure. In accordance with the reasoning set forth in a Memorandum of Decision filed in this case simultaneously with this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff, FRANK REID, *SHALL HAVE AND RECOVER NOTHING* of the Defendants, WENDELL O. WHITE, WILLIAM H. WILDER, PRESSLEY BEAVER, and THE CITY OF CHARLOTTE, and that this action shall be, and hereby is, DISMISSED ON THE MERITS.

IT IS FURTHER ORDERED that each party shall pay his or its own costs.