Vickie L. PITTMAN,
Plaintiff–Appellant,

v.

WILSON COUNTY; Garry C. Mercer, individually and in his official capacity as County Manager; Danny Hickman, individually and in his official capacity as Director of the Emergency Communications Center; Mack Bissett; Jean Edmundson; Frank Emory; Raeford Flowers; Preston Harrell; Norwood J. Whitley, Jr.; W.D.P. Sharpe, III, individually and in their official capacities as Wilson County Commissioners, Defendants–Appellees.

No. 87–1639.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 6, 1988.
Decided Feb. 22, 1988.

M. Travis Payne (Edelstein & Payne, Raleigh, N.C., on brief), for plaintiff-appellant.

James Redfern Morgan, Jr. (Charles F. Vance, Jr., Womble, Carlyle, Sandridge & Rice, Winston–Salem, N.C., George A. Weaver, Lee, Reece & Weaver, Wilson, N.C., on brief), for defendants-appellees.

---

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and RUSSELL and ERVIN, Circuit Judges.

POWELL, Associate Justice:

The issue presented is whether appellant had a property right in her employment with Wilson County, North Carolina. We agree with the district court that no such property right existed, and affirm.

I

In June 1983, after being employed as a dispatcher with the Wilson County Sheriff's office for approximately two and one half years, appellant Vickie Pittman began employment as a telecommunicator at the Wilson County Emergency Communications Center. On the morning of January 10, 1986, due to concerns about appellant's work performance, the director of the Emergency Communications Center, Danny Hickman, met with appellant and asked her to answer eight questions concerning alleged misconduct on her part. In responding to these questions, Pittman admitted that she had taken a typewriter ribbon from a co-worker's typewriter in order to read what was being written about her.[1] A conference was held later that day, attended by Pittman and Hickman, as well as Henry Dixon and Lee Hester, both of whom supervised Pittman. Hickman reiterated the recent incidents of appellant's alleged misconduct and explained to her that if she did not resign her employment with the County she would be dismissed. Appellant requested some additional time to think about her decision, but she was told that a decision was needed before she left the room. After a few more minutes, she agreed to resign and signed a letter to that effect. Several days later appellant claimed that her resignation had been coerced and she demanded a discharge hearing. Her request was refused.

On April 30, 1986, appellant filed a complaint under 42 U.S.C. § 1983 and the Fourteenth Amendment against Wilson County, the county manager, and various other Wilson County employees. The complaint alleges that:

> Defendants' termination of Ms. Pittman and the termination of her pay without affording her a pretermination hearing in front of an impartial official, and Defendants' continued refusal to provide her with a full hearing at which she can cross-examine witnesses against her and present evidence and witnesses of her own, violates her rights to Due Process guaranteed to her by the Fourteenth Amendment.

(App. at 11–12). She seeks "preliminary and permanent declaratory and injunctive relief" directing the appellees to provide her with a formal hearing before an impartial panel. She also seeks an award of back pay and the costs of this action. The parties filed cross-motions for summary judgment. The district court, disagreeing with the report and recommendation of a magistrate, granted summary judgment in favor of appellees. It found that appellant was not discharged from her position. Moreover, it found that even if her resignation were viewed as a discharge, appellant had no property interest in her employment position under North Carolina law, and therefore her dismissal was not a denial of due process. We agree that even if appellant was discharged by the County, her dismissal did not violate her due process rights because, under long settled North Carolina law, she was merely an "at-will" employee without any contractual or statutory guarantees of continued employment.

II

A

The procedural safeguards encompassed by the due process clause extend to appellant's continued employment only if she had a property interest in that employment.

---

1. The parties dispute whether appellant made other incriminating admissions. Moreover, appellant had been notified previously, perhaps as many as 23 times, that her work was unsatisfactory in some particular. Facts relating to the performance of her position, however, are immaterial to the dispositive issue of whether or not appellant had a property right in her job.

*See Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 564 (1972).[2] The Supreme Court has stated that in order to possess a property interest in one's employment:

> ... a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* at 577, 92 S.Ct. at 2709. The Court also has held that although a property interest in employment can be created by statute, ordinance, or express or implied contract, "the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Under North Carolina law, subject to a few well-defined exceptions, "absent some form of contractual agreement between an employer and employee establishing a *definite* period of employment, the employment is presumed to be an 'at-will' employment, terminable at the will of either party, irrespective of the quality of performance by the other party...." *Harris v. Duke Power Company,* 319 N.C. 627, 629, 356 S.E.2d 357 (1987) (emphasis in original). *See also Presnell v. Pell,* 298 N.C. 715, 723–24, 260 S.E.2d 611 (1979) ("Nothing else appearing, an employment contract in North Carolina is terminable at the will of either party"); *Nantz v. Employment Security Commission,* 290 N.C. 473, 477, 226 S.E.2d 340 (1976) ("Mere longevity of employment, even though the employee's service be of

excellent quality, does not confer upon the employee [a] property right"); *Still v. Lance,* 279 N.C. 254, 182 S.E.2d 403 (1971) (a property right in employment can exist only if the employer, by statute or contract, has actually granted some form of guarantee).[3] Moreover, absent a contractual guarantee, an exception to the "employee-at-will" rule specifically is recognized under North Carolina law when a statute or ordinance provides for restrictions on the discharge of an employee. *Presnell v. Pell,* 298 N.C. at 723, 260 S.E.2d 611. *See also Harris v. Duke Power Company,* 319 N.C. at 629,[4] 356 S.E.2d 357.

B

■ Appellant did not have an express contract with the County providing her either with employment for a definite duration or with a representation that she would not be discharged except for cause. Nor does appellant allege that she gave any additional consideration in exchange for employment security that may have created an implied contract of continued employment.[5] Appellant, however, asserts that the "Personnel Resolution" appearing in the County's employee handbook (App. at 369–88) contains restrictions with respect to the circumstances under which an employee can be discharged. She argues that because these restrictions are contained in a county resolution, they provide the kind of statutory authority necessary

---

2. Appellant does not allege that the circumstances surrounding the termination of her employment with Wilson County deprived her of a liberty interest without due process of law. Therefore, we are only concerned with whether she had a property interest in her employment.

3. Although no evidence was presented by appellant to support a contractual right to her employment with the County, she appears to argue that such an implied right existed. The analysis of the effect on the State's "at-will" rule appears to be the same whether a plaintiff's claim is based on contract or upon statute or ordinance. Ordinarily little evidence is required where the asserted property right is based on a statute, ordinance, or express contract, but an employee who relies on an implied contract has a heavy burden of proof.

4. *See Guy v. Travenol Laboratories, Inc.,* 812 F.2d 911 (4th Cir.1987) for an exhaustive discussion of the current status of the "at-will" employment doctrine and its exceptions under North Carolina law.

5. The North Carolina Supreme Court has not decided whether, when an employee manual unilaterally provides that employees can only be discharged for cause and an employee relies on that statement in accepting or continuing his or her employment with the employer, the policy statement becomes, in effect, a "contract" creating a property right. *See Harris v. Duke Power Co.,* 319 N.C. at 630–31, 356 S.E.2d 357. We need not address this issue as nothing in the record before us suggests that appellant relied on the personnel resolution in accepting or continuing her employment with the County.

to create a property interest under North Carolina law.[6]

Despite the fact that appellant refers to the Personnel Resolution as both an "ordinance or resolution," (see, e.g., Appellant's Brief at 27), an ordinance and a resolution are two significantly distinct government actions. As noted in a treatise on municipal corporations:

> A 'resolution' is not an 'ordinance,' and there is a distinction between the two terms as they are commonly used in charters. A resolution ordinarily denotes something less solemn or formal than, or not rising to the dignity of, an ordinance. The term 'ordinance' means something more than a mere verbal motion or resolution, adopted, subsequently reduced to writing, and entered on and made a part of the record of the acting body. It must be invested, not necessarily literally, but substantially, with the formalities, solemnities, and characteristics of an ordinance, as distinguished from a simple motion or resolution.

5 E. McQuillin, *Municipal Corporations* § 15.02, at 37 (3d ed. 1981). Generally, measures that prescribe binding rules of conduct are identified as ordinances while measures that relate to administrative or housekeeping matters are categorized as resolutions.[7] 2 C. Sands, M. Libonati, *Local Government Law* § 11.14, at 11–29 (1981).

North Carolina statutes do not expressly address the distinction between an ordinance and a resolution. They do, however, mandate specific procedures for the passage of a county ordinance. In order for the County's governing body, the Board of Commissioners, to adopt an ordinance or "any action having the effect of an ordinance," the proposed ordinance "must receive the approval of all the members of the board of commissioners." N.C.Gen. Stat. § 153A–45. Moreover, state law requires the county clerk to "maintain an ordinance book, separate from the minute book of the board of commissioners," N.C. Gen.Stat. § 153A–48, and the ordinance book must "be available for public inspection in the office of the clerk." *Id.* Furthermore, the existence of a distinction between ordinances and resolutions under North Carolina law is evidenced by the fact that the State's statutes provide that resolutions may be used for such things as fixing the time and place of the Board of Commissioners' regular meetings (N.C. Gen.Stat. § 153A–40), initiating an alteration in the structure of the board (N.C.Gen. Stat. § 153A–60), and permitting the county manager to appoint officers, employees, and agents without first securing Board approval (N.C.Gen.Stat. § 153A–82(1)). These are all administrative matters and are in stark contrast to the express requirements in the Statute that an ordinance is required in order for a county to effect such things, for example, as the restriction of firearms (N.C.Gen.Stat. § 153A–129), the prohibition of begging (N.C.Gen.Stat. § 153A–126), and the regulation and licensing of trades, occupations, and professions (N.C.Gen.Stat. § 153A–134). Moreover, the North Carolina statutes provide for the enforcement of county ordinances by fines and penalties. An ordinance may provide

---

6. Appellant also argues that the County's alleged history of discharging employees only for cause establishes a reasonable expectation of continued employment and thereby creates a property interest in that employment. Appellant's Brief at 25. This argument fails for two reasons. First, we can find no support for this proposition in North Carolina law. Secondly, there is insufficient evidence in the record to establish that the County's practice in discharging its employees created a "mutually explicit" understanding that employees would be discharged only for cause and with a hearing. *Cf. Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972). The party opposing a properly supported motion for summary judgment may not rest upon mere allegations of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

7. Like a statute, an ordinance is a law binding on all concerned. Therefore, certain important procedures generally are prescribed for its adoption. These normally require a prescribed record vote, a public hearing, and published notice. It is not suggested by appellant that any such procedures were required or followed in the adoption, by appellee, of the employee handbook.

for the maximum fine, term of imprisonment, or infraction penalty to be imposed for its violation. N.C.Gen.Stat. § 153A–123.

Not only are the "rules and regulations" for the dismissal of employees of Wilson County merely contained in a provision entitled "Personnel Resolution," but the dismissal provision itself speaks in terms of "assisting" the county manager and department heads by establishing a "policy" to apply to employees of the County. (App. at 373). Moreover, the resolution is a part of a manual that describes itself as merely a "WELCOME TO ALL EMPLOYEES OF WILSON COUNTY." (App. at 367). The language simply is not typical of that used in an ordinance or statute having the effect of law. Moreover, the subject matter of the personnel resolution is administrative in nature. It supplies internal guidelines to County officials for the administration of the County's employment positions, including the disciplining and discharge of employees. Although we assume that North Carolina would not find the label affixed to a measure to be dispositive, *see* 2 C. Sands and M. Libonati, *Local Government Law*, § 11.14, at note 10 and accompanying text, absent evidence that this resolution was passed with the formality required for the enactment of an ordinance, we must conclude that it was not. *See* 5 E. McQuillin, *Municipal Corporations*, at 39. *See also Little v. City of North Miami*, 805 F.2d 962, 967 (11th Cir. 1986).

### C

In addressing appellant's reliance on the terms of a resolution incorporated in an employee handbook, the district court found that her claim was merely based upon a unilaterally promulgated handbook that set out the personnel policies of Wilson County. This led the court to conclude that: "... Ms. Pittman does not base her alleged property right on a statute or an ordinance or any other independent source which carries the force of law." (App. at 484). It held that the handbook resolution is not an independent source that carries the force of law:

> Even if this court were to treat Ms. Pittman's resignation as a discharge, she would have no constitutionally protected property right to her employment. In the cases relied on by Ms. Pittman to establish her property right, the entitlement is always based on a state statute, a local ordinance or an implied contract; in other words, property rights in cases of this kind always arise from an independent source which has the force of law.

(App. at 484). The district court properly recognized that, except where a contractual right or recognized public policy exception exists, North Carolina requires that a statute or ordinance provide an exception to "at-will" employment. We agree with the district court [8] that, absent evidence that a resolution was enacted with the requisite formality and intent under North Carolina law, it is not sufficiently analogous to a statute or ordinance to create a property interest.[9]

### III

Since appellant was merely an "at-will" employee, she did not have a property interest in her position of employment with Wilson County. Therefore, she was not entitled to the protections of due process with respect to the termination of her em-

---

**8.** As this is an issue involving knowledge of state law and its interpretation, the conclusions of the district court are significant. As the Supreme Court observed in *Bishop v. Wood*, the district judge sits in North Carolina and practiced law there for many years. 426 U.S. at 345–46, 96 S.Ct. at 2077–78.

**9.** Appellant's reliance on *Bunting v. City of Columbia*, 639 F.2d 1090, 1095 (4th Cir.1981), to support her argument that even if she does not have a property interest she is entitled to the procedural safeguards contained in the resolution, is misplaced. In *Bunting*, employees were guaranteed an administrative hearing under the South Carolina County and Municipal Employees Grievance Procedure Act. In this case, appellant relies only on procedures contained in a resolution.

ployment.[10]  The County was free to discharge her irrespective of the quality of her performance and without affording her a hearing of any kind. *Still v. Lance,* 279 N.C. 254, 182 S.E.2d 403 (1971).  The decision of the district court entering summary judgment in favor of appellees is—

*AFFIRMED.*

---

10. It is unnecessary for us to decide whether appellant resigned or was discharged from her employment with the County because, in light of our finding that appellant had no property interest in her employment, the resolution of this issue is immaterial.