878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles D. DAIL, Plaintiff-Appellant,
v.
TOWN OF NAGS HEAD, J. Webb Fuller, Defendants-Appellees.
 No. 88-2216.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1989.
Decided July 6, 1989.
 
 Marvin Schiller (Richard W. Rutherford, Anderson, Schiller & Rutherford, P.A., Joyce L. Davis, Crisp, Davis, Schwentker, Page & Currin on brief) for appellant.
 James Redfern Morgawn, Jr. (Allan R. Gitter, Womble, Carlyle, Sandridge & Rice on brief) for appellees.
 Before SPROUSE, Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Charles E. Dail appeals from the summary judgment granted by the district court to the Town of Nags Head and other defendants in his 42 U.S.C. Sec. 1983 action alleging wrongful discharge. We affirm.
 
 
 2
 Dail held various positions within the Nags Head Police Department beginning in 1968 and was its chief of police after 1975. The Town Manager discharged him in April 1984. Dail, in his complaint, alleged, among other things, that his fourteenth amendment due process and equal protection rights were violated. The district court, citing Pittman v. Wilson County, 839 F.2d 225 (4th Cir.1988), found that Dail had no property right protected by the fourteenth amendment and granted summary judgment. Because the existence of a property right in his employment vel non is the sole issue presented on appeal, we do not consider the other allegations raised in Dail's complaint.
 
 
 3
 The procedural safeguards encompassed by the due process clause in discharge cases extend only to continued employment in which the employee has a property interest. See Board of Regents v. Roth, 408 U.S. 564, 578 (1972). The property right must be based on a legitimate claim of entitlement to the employment under applicable state law. Bishop v. Wood, 426 U.S. 341, 344 (1976). The requisite entitlement can be based on an explicit contract or on state statutes that extend some formal guarantee of continued employment. Absent such a specifically grounded expectation of continued employment, an employment agreement in North Carolina establishes only an "at-will" relationship. Pittman, 839 F.2d at 227, 229.
 
 
 4
 Dail contends that his entitlement to employment is appropriately grounded on a Town of Nags Head's personnel "ordinance," which guaranteed his right to continued employment. In our view, Dail's contention fails because the personnel regulations on which he relies result not from the enactment of an ordinance but from the adoption of a personnel policy by the Nags Head Town Council similar to that which we considered in Pittman.
 
 
 5
 Before ruling on the Town of Nags Head's motion for summary judgment, the district court considered the circumstances surrounding the adoption of the document on which Dail relies. The Town of Nags Head enacted a fairly voluminous document entitled "Personnel Ordinance." Although in places the document is referred to as an "ordinance," it is referred to more frequently, and throughout the body of the document, as a "personnel policy." More importantly, the document was not submitted to the formal procedures for recording ordinances mandated by statute. N.C.Gen.Stat. Sec. 160A-79(d) provides that "no city ordinance shall be enforced or admitted into evidence in any court unless it has been codified or filed and indexed," and the "personnel ordinance" in question was never so filed and indexed in any "ordinance book"--it simply was kept on file in the town clerk's office. Here again, the Town Council's action is analogous to the action of the county legislative body in Pittman which we held to be of insufficient formality to establish an ordinance creating an entitlement to employment. 839 F.2d at 228.
 
 
 6
 In view of the above, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.