883 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald W. JOHNSON, Plaintiff--Appellant,
v.
CITY OF KINGS MOUNTAIN, John H. Moss, Jack Dean Barrett,
Bobby G. Hayes, Corbett H. Nicholson, Irvin Allen, Jr.,
Humes Houston, Harold J. Phillips, Fred H. Finger, Jr., and
Norman King, Defendants--Appellees.
Gary E. SALE, Plaintiff--Appellant,
v.
CITY OF KINGS MOUNTAIN, John H. Moss, Jack Dean Barrett,
Bobby G. Hayes, Corbett H. Nicholson, Irvin Allen, Jr.,
Humes Houston, Harold J. Phillips, Fred H. Finger, Jr., and
Norman King, Defendants--Appellees.
 No. 88-3106.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1989.
Decided Aug. 11, 1989.
 
 Lester Henry Broussard for appellants.
 Charles Daniel Barrett (M. Ann Anderson, Womble, Carlyle, Sandridge & Rice, Clayward C. Corry, Jr., on brief) for appellees.
 Before DONALD RUSSELL, Circuit Judge, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, and THOMAS SELBY ELLIS, III United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Donald W. Johnson and Gary E. Sale appeal from the district court's grant of summary judgment in favor of the City of Kings Mountain and certain city officials who discharged them.
 
 
 2
 They contend their constitutional rights to due process were violated in contravention of the Fourteenth Amendment to the United States Constitution and that they are entitled to redress pursuant to 42 U.S.C. Sec. 1983. Specifically, appellants argue the court below erred in its conclusion that, as policemen, they had no protected property or liberty interests in their continued employment. We disagree and affirm based on the reasoning of the district judge. Johnson v. City of Kings Mountain, No. SH-C-87-248 (W.D.N.C. May 9, 1988); and Sale v. City of Kings Mountain, No. SH-C-87-249 (W.D. N.C. May 9, 1988).
 
 
 3
 Johnson was discharged from his position after more than two years with the police department. His discharge was the result of his involvement in a fight with another city employee while on duty. Sale was discharged, after seven years with the department, because of his conviction for theft.* Each appellant claims that he was not advised of the reasons for his discharge, nor given an opportunity to be heard either before or after termination.
 
 
 4
 To be entitled to due process protections, an individual must have been deprived of some property or liberty interest within the meaning of the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564 (1972).
 
 
 5
 Whether one has a property interest in employment is determined by reference to state law. Bishop v. Wood, 426 U.S. 341 (1976). Under North Carolina law, a contract of employment is terminable at will, unless there is a contractual agreement prescribing employment for a definite period or statute or ordinance restricting the circumstances under which an employee may be discharged. Pittman v. Wilson County, 839 F.2d 225, 227 (4th Cir.1988). An ordinance must be passed with "requisite formality and intent" in order to satisfy the latter exception. Id. at 229.
 
 
 6
 Liberty interests are created when the employee's " 'good name, reputation, honor, or integrity' " is implicated or put "at stake" by the employer's action. Roth, 408 U.S. at 573, quoting Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971).
 
 
 7
 Neither Johnson nor Sale presented the district court with any evidence of a contract of employment for a definite term. The appellants likewise failed to present evidence of local legislation enacted with the requisite formality of an ordinance containing an expression of intent to alter the employee's at-will status. Nor was there a showing made that the reasons for either Johnson's or Sale's discharge were disclosed to the public.
 
 
 8
 The district court, therefore, was correct in concluding that the appellants had no protectable property or liberty interests in their employment with the city and in granting summary judgment on that basis.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Sale's conviction was subsequently reversed on appeal