884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Dale GLENN, Plaintiff-Appellant,
v.
James R. BALUSS, Individually and in his capacity as The
Health Director of the Pamlico County Health
Department, Pamlico County, North
Carolina, Pamlico County,
Defendants-Appellees.
 No. 88-1710.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided Aug. 18, 1989.
 
 David Peter Voerman for appellant.
 Richard L. Rainey (M. Ann Anderson, Womble, Carlyle, Sandridge & Rice on brief) for appellees.
 Before K.K. HALL, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Dale Glenn, plaintiff in a civil action alleging deprivation of constitutional due process and first amendment rights pursuant to 42 U.S.C. Sec. 1983, appeals the order of the district court granting summary judgment in favor of defendants, Pamlico County and James Baluss, individually and in his capacity as Health Director of Pamlico County Health Department. For the reasons set forth below, we affirm the district court.
 
 I.
 
 2
 Glenn began working for Pamlico County as a sanitarian trainee on November 14, 1985, a position that involved approval of applications for septic tanks and waste disposal systems. In North Carolina, it is unlawful for any person to practice as a sanitarian unless he has obtained a certificate of registration from the State Board of Sanitarian Examiners. N.C.Gen.Stat. Sec. 90A-52. An exception is made for one, such as Glenn, who qualifies as a sanitarian intern.[1] A sanitarian intern may practice as a sanitarian without meeting the full requirements for a registered sanitarian for a period not to exceed three years. N.C.Gen.Stat. Sec. 90A-52(b). A sanitarian intern must take various courses and pass an examination to become a registered sanitarian. N.C.Gen.Stat. Sec. 90A-53. At the time this action was brought, Glenn had not passed the examination and admittedly, was still an intern.
 
 
 3
 During his employment with the county, Glenn was involved in several disputes with his immediate supervisor, James Baluss. According to Glenn, the disputes arose over his proper enforcement of health department regulations and his refusal to "bend" the rules; defendants maintained that the disputes came about because of numerous complaints by the public regarding Glenn's manner in performing his work and because of inappropriate and hostile language used by Glenn towards his coworkers and Baluss.
 
 
 4
 Glenn was fired on September 24, 1986, for "unacceptable personal conduct." The discharge letter cited Glenn to several specific incidents in which he had been discourteous, offensive and hostile. On the day he was fired, Glenn submitted a grievance letter and requested that he be allowed to appeal his dismissal. That request was denied by Baluss.
 
 
 5
 Glenn filed this civil action on May 26, 1987 pursuant to 42 U.S.C. Sec. 1983 alleging violation of his constitutional due process and first amendment rights. Following discovery, the district court granted the defendants' motion for summary judgment. The Court found that Glenn did not have a sufficient property interest in his employment to give rise to due process protections. The court also rejected Glenn's first amendment claim because he failed to establish the required connection between the protected speech and his discharge. Glenn appeals.
 
 II.
 
 6
 Glenn's first contention is that the district court erred in finding that he had no property interest in his employment. He also contends that he was discharged in violation of his first amendment right to free speech, specifically, in retaliation for voicing his opinion on how to enforce the state sanitation laws. We find no merit to either contention.
 
 
 7
 The procedural safeguards encompassed by the due process clause extend to Glenn's continued employment only if he had a property interest in that employment. See Board of Regents v. Roth, 408 U.S. 564 (1972). To possess a property interest in one's employment, a person must have more than a unilateral expectation of that employment. He must have a legitimate claim of entitlement to it. Id. at 577. In Bishop v. Wood, 426 U.S. 341, 344 (1976), the Court held that although a property interest in employment can be created by statute, ordinance, or express or implied contract, "the sufficiency of the claim of entitlement must be decided by reference to state law."
 
 
 8
 In North Carolina, subject to a few well-defined exceptions, "absent some form of contractual agreement between an employer and employee establishing a definite period of employment, the employment is presumed to be an 'at will' employment, terminable at the will of either party, irrespective of the quality of performance by the other party...." Harris v. Duke Power Company, 319 N.C. 627, 629, 356 S.E.2d 357 (1987) (emphasis in original)." Pittman v. Wilson County, 839 F.2d 225, 227 (4th Cir.1988). Absent a contractual guarantee, an exception to the "employee at-will" rule is recognized under North Carolina law when a statute or ordinance provides for restrictions on the discharge of an employee. Presnell v. Pell, 298 N.C. 715, 723, 260 S.E.2d 611 (1979).
 
 
 9
 Glenn did not have an express contract for a definite period of time with Pamlico County. Nor does he argue that an implied contract of continued employment existed. He grounds his rights instead, on the "Pamlico County Personnel Policy" which contains restrictions with respect to the circumstances under which employees can be discharged. He argues that because the county personnel policy was adopted under authority of the State Personnel System pursuant to N.C.Gen.Stat. Sec. 126-5, the policy provides the statutory authority necessary to create a property interest under North Carolina law.[2] We disagree.
 
 
 10
 In Pittman v. Wilson County, 839 F.2d 225 (4th Cir.1988), we considered a similar issue and held that the action of a county legislative body in adopting a "Personnel Resolution" contained in the county's employee handbook was of insufficient formality to establish an ordinance creating an entitlement to employment. The county personnel policy upon which Glenn relies is likewise insufficient to create an exception under the "at-will" employee doctrine and to create the property interest that must be present for him to prevail. It is not a statute and we have been presented with no evidence that it was adopted as an ordinance.[3] Thus, this argument fails.
 
 
 11
 The district court found that Glenn had no legitimate expectation in continued employment with the county because he had not taken and passed the final exam required for certification of sanitarians and therefore remained in trainee status at the time of his discharge. The court relied on Yow v. Alexander County Dept. of Social Services, 70 N.C.App. 174, 319 S.E.2d 626 (1984), where the court held that a competitive service employee with trainee status does not achieve permanent status which awards due process protections until the employee "has completed all training and experience required for elimination of trainee status." 319 S.E.2d at 629.
 
 
 12
 Glenn argues that Yow is inapplicable to his case because he was not hired as a trainee. Even though the plaintiff in Yow was explicitly hired as a trainee, we think the principles of that case also apply here. Logic dictates that Glenn could have no legitimate claim of entitlement to continued employment when he had not met the requirements to be a registered sanitarian and North Carolina law forbids practice as a sanitarian without registration, except to the extent allowed as an intern. Glenn cannot claim that he would have been entitled to continued employment if the statutory three-year period had lapsed without him passing the exam. In this instance, being an intern was equivalent to being a trainee--he had not completed the requirements to become a registered sanitarian and thus was not a permanent employee. Glenn also argues that Yow is inapplicable because he was a permanent employee, having been removed from probationary status after six months of employment. This argument is also without merit. An employee whose traineee status extends beyond the normal probationary period may be summarily terminated until such time as he or she has successfully completed the training period. Id. at 630. We affirm the district court's grant of summary judgment on this issue.
 
 III.
 
 13
 Glenn also argues that he was discharged in violation of his first amendment right to free speech and that the district court erred in granting summary judgment for the defendants on this claim. Specifically, he contends that he was fired for expressing his views on the manner in which the health department regulations should be applied and enforced.
 
 
 14
 In order to establish a cause of action for alleged wrongful discharge in violation of his first amendment rights, a plaintiff must demonstrate: (1) that the speech complained of qualified as protected speech or activity and (2) that such protected speech or activity was the "motivating" or "but for" cause for his discharge. Jurgensen v. Fairfax County, 745 F.2d 868 (4th Cir.1984). In order to qualify as protected speech, the employee's speech must discuss a matter of public concern and must not have too disruptive an effect on the efficiency, discipline, and proper administration of the government agency. Id. at 879. The district court found that Glenn's speech was arguably protected as it involved his views on the proper way to enforce the state rules and regulations governing the approval of permits for waste disposal systems, a matter of public concern to the citizens of Pamlico County. However, the court found as a matter of law that the evidence was not sufficient to create a genuine issue of material fact as to whether Glenn's expression of his views on the enforcement of the sanitation laws was the motivating factor in his discharge. See Jurgensen v. Fairfax County, supra, and Connick v. Myers, 461 U.S. 138 (1983) (inquiry into protected status of speech and whether speech was motivating cause for discharge is one of law). We must affirm the court's finding on this point.
 
 
 15
 Although there was evidence that at least on one occasion Glenn and Baluss had a dispute over whether a particular application met state requirements for approval, there was no evidence that Glenn would not have been fired had it not been for that one dispute. Instead, there was ample evidence that he was fired because he was rude in dealing with the public and used profane language on a number of occasions.
 
 
 16
 Just as a jury verdict on a causation question must be supported by reasonable probability and not mere possibility, Johnson v. Town of Elizabethtown, 800 F.2d 404 (4th Cir.1986), so a plaintiff facing a motion for summary judgment must produce evidence which reasonably supports a finding for plaintiff. Glenn failed to produce such evidence in this case and the court properly granted summary judgment on his first amendment claim.
 
 
 17
 Accordingly, the judgment of the district court is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Glenn testified that he originally was hired as a sanitarian trainee. He subsequently completed the educational requirements and became a sanitarian intern. A sanitarian intern is defined as: "a person who possesses the necessary educational qualifications as prescribed in G.S. 90A-53(3), but who has not completed the experience and specialized training requirements in the field of public health sanitation as required for registration." N.C.Gen.Stat. Sec. 90A-51(5)
 
 
 [2]
 The State Personnel System is codified in N.C.Gen.Stat. Sec. 126-1 et seq. Because he was an employee of a county health department receiving federal aid, Glenn was a competitive service employee subject to the State Personnel System
 
 
 [3]
 Although Glenn argues that the county personnel policy was created under authority of N.C.Gen.Stat. Sec. 126-11, we find nothing in the record to indicate that the county policy was approved by the State Personnel Commission as required by that section